PER CURIAM:
Claimant brought this action for personal injuries which she suffered in an incident that occurred at the entry to the parking building at BB&T Bank which is immediately adjacent to Fairmont Avenue in Fairmont, Marion County. The incident occurred on December 2,2002, when claimant was exiting her van as her husband, Jerold Kinty, Sr., let her out to attend a parade. Respondent maintains Fairmont Avenue as part of the State road system. The Court is of the opinion to deny this claim for the reasons stated herein below.
Claimant alleges that she broke her foot on Fairmont Avenue on December 2, 2002, at about 5:30 to 5:45 p.m. when she stepped onto the juncture of the entry to the parking building of BB&T Bank and the edge of the pavement of Fairmont Avenue. It was dark at the time and she did not observe the area where she stepped that caused her to foot to “snap”. It is her position that there was a difference in elevation of the State maintained road and the apron to the parking building. The difference in the elevation of the two surfaces caused her to break her foot just as she exited the van. She did not realize the serious nature of the incident until later that evening when her foot began to swell. During the parade she was riding on a float and she noticed that her foot was hurting so she was helped off the float and into a car until her husband came to assist her. After returning home, she noticed her foot being discolored so her husband took her to the hospital where it was determined that her foot was broken. She incurred out-of-pocket medical expenses in the amount of $30.00 and she lost wages since she was unable to return to her place of employment until February 3, 2002.
Claimant and her husband returned to the scene of this incident several days later and he took photographs of the concrete apron to the parking building and Faimiont Avenue. Mr ICinty testified that he watched as his wife exited the van and he stated that “she stepped down kind of sideways backwards with the left foot out first rather than the right foot, then brought her right foot out and when she did she kind of flipped. I saw her grab the door.” He also testified that it was very dark. At the time, he did not realize that she had injured her foot.
Respondent asserts that the area where claimant broke her foot is not a part of Fairmont Avenue that is the responsibility of respondent to maintain. George Steorts, respondent’s Highway Administer in Marion County, testified that respondent has the duty to repave Fairmont Avenue and this has been done as needed. The street was not milled during each repaving operation so there may have been a difference in the elevation at the juncture of the parking apron and the street. If there was such a difference in the elevation at the edge of tire parking lot apron for BB&T Bank, it is the responsibility of the property owner to maintain its entry at its juncture with the State maintained road. Mr Steorts explained that respondent maintains certain State roads in the municipalities throughout West Virginia; however, the maintenance on these roads is from curb to curb only. That was the extent of the duty and responsibility for respondent in the instant claim.
The Court, having reviewed the testimony and the photographs entered into evidence in this claim, has determined that the area where claimant broke her foot is the responsibility of the property owner rather than the responsibility of the respondent. The difference in elevation between the parking building entrance is created by its concrete apron at the juncture with Fairmont Avenue. Although the Court is sympathetic for the injuries she received in this incident, the Court concludes that claimant has not established any negligence on the part of the respondent for her personal injuries and she may not make a recovery in this claim.
*106 In view of the foregoing, the Court is of the opinion to and does deny this claim.
Claim disallowed.